Mohammad Tajsar (SBN 280152)
mtajsar@aclusocal.org
ACLU Foundation of Southern California
1313 West 8th Street
Los Angeles, CA 90017
Telephone: (213) 977-9500
Facsimile: (213) 977-5297

Jacob A. Snow (SBN 270988)
jsnow@aclunc.org
ACLU Foundation of Northern California
39 Drumm Street
San Francisco, CA 94111
Telephone: (415) 621-2493
Facsimile: (415) 255-8437

*Counsel for Plaintiffs*
*(continued on next page)*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUSTIN SANCHEZ and ERIC ALEJO,<br><br>*Plaintiffs*,<br><br>v.<br><br>LOS ANGELES DEPARTMENT OF TRANSPORTATION and CITY OF LOS ANGELES,<br><br>*Defendants*. | CASE NO: 2:20-cv-05044<br><br>**PLAINTIFFS' RESPONSE TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**<br><br>**Hearing**<br><br>Date: September 11, 2020<br>Time: 9:30 a.m.<br>Location: Courtroom 8C<br>350 W. 1st Street<br>Los Angeles, CA 90012 |

1  *(continued from previous page)*

2  Jennifer Lynch (SBN 240701)
   jlynch@eff.org
3  Electronic Frontier Foundation
   815 Eddy Street
4  San Francisco, CA 94109
   Tel:   (415) 463-9333
5  Fax:   (415) 436-9993

6
   Douglas E. Mirell (SBN 94169)
7  DMirell@ggfirm.com
   Timothy J. Toohey (SBN 140117)
8  TToohey@ggfirm.com
   Greenberg Glusker Fields Claman & Machtinger LLP
9  2049 Century Park East, Suite 2600
   Los Angeles, California 90067
10 Telephone:  (310) 553-3610
   Fax:        (310) 553-0687

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

99901-10237/3844763.1

# INTRODUCTION

Defendants Los Angeles Department of Transportation and City of Los Angeles ("LADOT") filed a Request for Judicial Notice asking the Court to consider the contents of 15 documents it relied upon in moving to dismiss Plaintiffs' Complaint. *See* Dkt. 19 ("RJN"). While Plaintiffs do not challenge the authenticity of many of these records, Plaintiffs oppose LADOT's Request as to 13 of the 15 documents. As the Ninth Circuit has cautioned, "the unscrupulous use of extrinsic documents to resolve competing theories against the complaint risks premature dismissals of plausible claims that may turn out to be valid after discovery." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018). For the reasons set forth below, LADOT's Request fits this pattern.

# LEGAL STANDARD

Generally, district courts may not consider material outside the pleadings when assessing the sufficiency of a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). When "matters outside the pleading are presented to and not excluded by the court," the 12(b)(6) motion converts into a motion for summary judgment under Rule 56. Fed. R. Civ. P. 12(d). "There are two exceptions to this rule: the incorporation-by-reference doctrine, and judicial notice under Federal Rule of Evidence 201." *Khoja*, 899 F.3d at 998. "Both of these procedures permit district courts to consider materials outside a complaint, but each does so for different reasons and in different ways." *Id.*

Relevant to this Request, Rule 201 permits a court to notice an adjudicative fact if it is "not subject to reasonable dispute." Fed. R. Evid. 201(b). A fact is "not subject to reasonable dispute" if it is "generally known," or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(1)–(2). "A court may take judicial notice of matters of public record without converting a motion to dismiss into a motion for

summary judgment." *Lee*, 250 F.3d at 689 (internal quotation marks and citation omitted). However, "a court cannot take judicial notice of disputed facts contained in such public records." *Khoja*, 899 F.3d at 999. In addition, matters irrelevant to the disposition of a motion are not proper subjects for judicial notice. *Santa Monica Food Not Bombs v. City of Santa Monica*, 450 F.3d 1022, 1025 n.2 (9th Cir. 2006).

## ANALYSIS

### I. RECORDS CONTAINED IN LOS ANGELES CITY COUNCIL FILES (EXHIBITS A–G).

LADOT requests judicial notice of Exhibits A through G because the documents are contained in a Los Angeles City Council file. RJN at 3. These Exhibits include the ordinance authorizing the shared mobility scooter permitting program (Ex. A), the permit application (Ex. B), a City Council Motion endorsing the "Data Protection Principles" and requesting LADOT to report back on the uses to which it wishes to put MDS location data (Ex. C), various LADOT and City Council reports (Exs. D–F), and the "Data Protection Principles" themselves (Ex. G). However, the existence of these documents in a public record does not end the inquiry. With the exception of two of the records, Plaintiffs oppose LADOT's request to take judicial notice of their contents because most of them contain information disputed by the parties and not referenced by Plaintiffs in their Complaint.

*Exhibit A*. Plaintiffs do not object to the Court taking judicial notice of the authorizing ordinance that resulted in the creation of MDS. Plaintiffs referenced Exhibit A, the implementing ordinance, in Paragraph 19 of their Complaint, and do not contest its authenticity here.

*Exhibit B*. Plaintiffs do not object to taking judicial notice of the *fact* of the existence of Exhibit B, the permit application, or the specific portions of the application that mandate compliance with MDS's location tracking scheme.

PLAINTIFFS' RESPONSE TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE
2

99901-10237/3844763.1

|   |   |
|---|---|
| 1 | Plaintiffs' Complaint references and relies upon the application's requirement that |
| 2 | scooter operators produce detailed location records of their riders to LADOT. *See* |
| 3 | Compl. ¶ 20 ("Relevant here, the permitting application required operators agree to |
| 4 | implement MDS's data collection protocols."). The Court may take judicial notice |
| 5 | of the fact that the permitting protocols exist, and of facts that Plaintiffs' |
| 6 | Complaint "necessarily relies" upon. *Lee*, 250 F.3d at 688–689 (judicial notice of |
| 7 | the "fact" that various records exist permissible). However, the permit application |
| 8 | contains many other details, most of which are either irrelevant to the current |
| 9 | dispute, not relied upon by Plaintiffs, or may be subject of future dispute by the |
| 10 | parties. *Id.* at 690 (judicial notice of disputed facts contained in public records |
| 11 | inappropriate). Accordingly, the meaning, significance, and implementation of the |
| 12 | remainder of the permit application are not properly subject to judicial notice. |
| 13 |      *Exhibit C.* Plaintiffs do not object to LADOT's request for judicial notice of |
| 14 | Exhibit C, the City Council's Motion adopting the "Data Protection Principles" |
| 15 | and requiring the LADOT to report back with specific use cases for riders' location |
| 16 | data. Plaintiffs relied upon the Motion and referenced it in their Complaint. *See* |
| 17 | Compl. ¶ 39. Relevant to LADOT's Motion, Plaintiffs do not contest the adoption |
| 18 | of the "Data Protection Principles" as LADOT policy, but dispute the meaning, |
| 19 | importance, and implementation of the Principles themselves, as discussed below. |
| 20 |      *Exhibits D–F.* Plaintiffs object to LADOT's request for judicial notice of the |
| 21 | contents of Exhibits D, E, and F, which are a June 14 report authored by LADOT, |
| 22 | a June 24 City Council Transportation Committee report, and a document |
| 23 | memorializing the July 1 approval of a Committee Report to Council. Plaintiffs did |
| 24 | not rely upon or reference any of these records in their Complaint, and all three |
| 25 | documents post-date the Complaint's filing. While Plaintiffs have no reason to |
| 26 | contest the authenticity of these three documents, and do not object to the Court |
| 27 | taking judicial notice of the *facts* of their existence, Plaintiffs object to taking |
| 28 | judicial notice of the contents of any of these records. The information contained in |

these records goes to the heart of the dispute between the parties here, and is therefore not appropriately considered on a motion to dismiss. *See Lee*, 250 F.3d at 690 (error for district court to accept as true information contained in extrinsic documents contested by plaintiffs in their complaint). For instance, Exhibit D appears to be the LADOT report that the City Council requested the Department provide regarding MDS use cases, a report which had not been timely submitted to Council and had not been released at the time Plaintiffs filed their Complaint. This report contains various assertions about the privacy protections afforded to MDS data, and the regulatory purposes LADOT purports to advance with its implementation of MDS—all of which Plaintiffs dispute in their Complaint. *See, e.g.*, Exh. D, Dkt. 19-4 at 61–62 (describing how LADOT "[i]ncorporat[es] Data Protection Principles into Programs"). Exhibit E contains a recitation of the LADOT report, including certain claims about LADOT's commitment to ensuring Plaintiffs' privacy—claims that are at the center of this dispute. *See* Exh. E, Dkt. 19-5. Exhibit F is a document showing approval and adoption of the Transportation Committee's Report, which contains information Plaintiffs dispute. Together, the contents of these documents contain facts disputed by the parties and therefore are inappropriate for judicial notice.

*Exhibit G.* Finally, Plaintiffs object to consideration of the contents of the "Data Protection Principles." Plaintiffs did not reference or rely upon these Principles in their Complaint. While the Principles are a public record, Plaintiffs dispute this document's importance to this case, the meaning of its contents, and how LADOT has implemented the Principles. In short, the Principles discuss privacy protections allegedly undertaken by LADOT which lie at the core of the dispute between the parties. *Lee*, 250 F.3d at 689 (noting that Federal Rule of Evidence 201(b) prevents a court from taking "judicial notice of a fact that is subject to reasonable dispute"). To highlight some aspects of this dispute, Plaintiffs contend that the Principles document fails to provide the reasonable protections

necessary to mitigate the impact of MDS's invasive search scheme. It states LADOT will engage in "data minimization" practices "where possible," without committing categorically to any such practices, or even identifying what minimization protocols LADOT plans to implement. *See* Dkt. 19-7 at 124. The existence of any such practices, and the extent to which LADOT follows best practices in protecting individual's location information, is relevant to the dispute at hand. In addition, LADOT points to the Principles to characterize MDS's location collection scheme as related only to "vehicle data," as opposed to "individual data." Dkt. 18 at 4. Plaintiffs dispute this characterization, and view the information collected by MDS as related to individual *rides*, not individual *vehicles*—a distinction of crucial relevance to the constitutional inquiry at the heart of this case. Accordingly, Plaintiffs oppose judicial notice of any information contained within Exhibit G.

The fact that all of these records are in "official Los Angeles City Council files" is irrelevant to the question whether Plaintiffs dispute the contents of information contained within them. The Court may not take judicial notice of disputed facts, even of documents contained within public records. *Lee*, 250 F.3d at 689–90.

## II. STATE STATUTES, MUNICIPAL STATUTES, AND REGULATIONS (EXHIBITS H–L).

Plaintiffs do not object to the Court taking judicial notice of the existence and titles of the various statutes, regulations, and ordinances relied upon by LADOT in their Motion: Exhibit H (California Vehicle Code Section 21225), Exhibit I (California Vehicle Code Section 407.5), Exhibit J (Los Angeles Municipal Code Section 71.29), Exhibit K (35 RCNY [Rules of the City of New York] 66-19), and Exhibit L (25 RCNY 66-24). However, Plaintiffs object to and dispute the relevance of the contents of these documents. As matters irrelevant to

the disposition of LADOT's Motion, judicial notice is improper for these records. *Santa Monica Food Not Bombs*, 450 F.3d at 1025 n.2.

### III.  CORPORATE PRIVACY POLICIES (EXHIBITS M–O).

Finally, LADOT seeks judicial notice of the contents of three corporate privacy policies: Exhibit M (Bird Privacy Policy), Exhibit N (Lime Privacy Policy), and Exhibit O (Lyft Privacy Policy). Plaintiffs oppose the Court taking judicial notice of any of these Exhibits.

In support of its Request for Judicial Notice of these documents, LADOT cites cases describing the "incorporation by reference" doctrine. The application of that doctrine to these records is inappropriate. That doctrine "permits us to take into account documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the plaintiff's pleading." *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) (internal quotation marks and citation omitted). The doctrine also allows a court to consider records where "the plaintiff's claim depends on the contents of a document, the defendant attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of the document, even though the plaintiff does not explicitly allege the contents of that document in the complaint." *Id*. Here, Plaintiffs' claims do not depend upon the contents of any of these documents, and Plaintiffs dispute their authenticity.

First, the relevance of these documents is subject to reasonable dispute. As set forth in Plaintiffs' Opposition, Plaintiffs deny that these privacy policies bear in any relevant manner upon their expectations of privacy. *See* Dkt. 23 at 10–13. Judicial notice is therefore improper for these documents because they are not documents upon which Plaintiffs' Complaint "necessarily relies." *Parrino v. FHP, Inc.,* 146 F.3d 699, 706 (9th Cir. 1998). Defendants' reliance upon these documents in support of their motion to dismiss is improper because these documents raise factual issues that must be addressed in a summary judgment

motion pursuant to Rule 56. *Lee*, 250 F.3d at 688 (error for district court "to dismiss plaintiffs' federal claims" when it "assumed the existence of facts that favor defendants based on evidence outside plaintiffs' pleadings, took judicial notice of the truth of disputed factual matters, and did not construe plaintiffs' allegations in the light most favorable to plaintiffs.").

Second, Plaintiffs do not admit their authenticity. Each corporation's policies and practices vary, may be contained in different documents, and are subject to continual revisions, deletions and supplementations. Even if these documents were relevant to Plaintiffs' claims, without third-party discovery, Plaintiffs are not in a position to agree that these particular records reflect some or all of the company's policies or procedures regarding Plaintiffs' location data at any specific point in time.

## CONCLUSION

For the following reasons, Plaintiffs oppose LADOT's Request for Judicial Notice of Exhibits B, D–O. Plaintiffs do not oppose judicial notice of Exhibits A and C.

DATED:  August 21, 2020          Respectfully submitted,

By:   s/Mohammad Tajsar
      Mohammad Tajsar
      Counsel for Plaintiffs